432 A.2d 1000

**COMMONWEALTH of Pennsylvania**

v.

**Dexter SNEDDEN, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1980.

Filed May 1, 1981.

Reargument Denied Aug. 3, 1981.

Andrew J. Achman, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before PRICE, DiSALLE and MONTEMURO, JJ.

PER CURIAM:

Appellant, Dexter Snedden, contends that his trial counsel's failure to attempt to suppress statements made by appellant constituted ineffective assistance of counsel and denial of his Constitutional Rights. Appellant, therefore, requests a new trial on this direct appeal.

Appellant, while being transported from the Allegheny County Jail to a preliminary hearing, in the custody of two police officers, twice confessed to the offenses with which he was charged. Trial counsel did not file a Motion to Suppress the confessions and, at trial, did not object to the two police officers' testimony which related to the substance of the confessions. Appellant testified that he made the statements while under the influence of strong medication and that he had no present memory of having made the statements.

In *Commonwealth v. Perry*, 475 Pa. 1, 379 A.2d 545 (1977), the Court stated:

> [W]e adhere to the view that a conviction founded in whole or in part on an involuntary confession denies a defendant due process of law and constitutes reversible error, regardless of whether there is ample evidence aside from the confession to sustain the conviction.

*Id.*, 475 Pa. at 7, 379 A.2d at 548. *Perry* dealt with the admission of a confession, made by the hospitalized defendant while under the influence of drugs. The defendant's confession was found to be involuntary and a new trial was granted.

In the present case the record is inadequate for this court to determine whether appellant's trial counsel's failure to attempt to suppress constituted ineffectiveness of counsel.

538

We therefore remand this case to the trial court with directions to hold a hearing to determine whether trial counsel was ineffective. Should the lower court find that trial counsel for appellant was ineffective then a new trial is required.

Record remanded to the trial court with directions.